## THE STATE v. CARPENTER.

Criminal law: JURISDICTION: INFORMATION. An information which alleges "that the defendant is accused of the crime of assault and battery. For that the defendant, on, etc., at, etc., did then and there willfully and maliciously strike and beat C. D., with intent of doing her great bodily injury," charges an indictable offense, and one which a justice of the peace has no jurisdiction to try. Nor would an appeal from a judgment of conviction, rendered by a justice in such case, confer any jurisdiction upon the District Court.

*Appeal from Delaware District Court.*

SATURDAY, DECEMBER 21.

ASSAULT AND BATTERY: ASSAULT WITH INTENT, ETC. — Before a justice of the peace, the following complaint was filed:

"DELAWARE COUNTY: THE STATE OF IOWA
*v.*
LEVI W. CARPENTER. 　　　} *Before J. C., a justice of the peace of said county.*

" The defendant is accused of. the crime of an assault and battery. For that the defendant on, etc., at, etc., did then and there willfully and maliciously strike and beat C. D., with intent of doing her great bodily injury."

This information was duly signed and sworn to. The defendant was arrested, tried to a jury before the justice,

and a verdict returned as follows: "We, the jury, find the defendant guilty of assault and battery, with intent to commit a bodily injury."

From a judgment upon the verdict, the defendant appealed to the District Court, where he was again tried and found guilty.

Defendant then · moved in arrest of judgment, for "that the justice of the peace from whose judgment, in said cause, an appeal was taken to the District Court, had no jurisdiction of the cause, and therefore the District Court could acquire no jurisdiction on appeal."

This motion was overruled, defendant excepted, and from a judgment against him, he prosecutes this appeal.

He assigns for error the overruling of the motion in arrest of judgment.

*A. E. House* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

DILLON, J.— Our statute discriminates between an ordinary "assault and battery" and an "assault with intent CRIMINAL LAW: to inflict a great bodily injury." Of the jurisdiction: information. former, justices of the peace, without the intervention of a grand jury, have exclusive original jurisdiction. Rev. § 4499, subdiv. 3.

Of the latter, the District Court, upon presentment by a grand jury, has exclusive original jurisdiction. Rev. § 4217.

The charging part of the present information, after giving date and venue, alleges, that the defendant " did strike and beat C. D. with intent of doing her great bodily injury."

This is the language of the statute, with the exception of the use of the word "doing" in the place of the word "inflict."

The language of the statute need not be literally pursued in framing an information or indictment.

An indictment under section 4217, precisely in the form of the present information, would be sufficient to charge the defendant with an " assault with intent to inflict great bodily injury."

If so, then the justice had no jurisdiction of the offense charged, and the District Court acquired none on appeal. Defendant, for that offense, could only be put upon his trial upon indictment found. There was no indictment, and hence the District Court had no jurisdiction.

Suppose the grand jury had presented a bill, using exactly the language of the information under consideration: could the District Court hold, that it simply charged an ordinary assault and battery, and, for that reason, refuse to take jurisdiction of the offense? We think not. If this be so, then it cannot be held, that this information charges simply a common assault.

The motion in arrest should have been sustained by the District Court, wherefore, its judgment is reversed.

Reversed.