THE STATE OF IOWA for the use of the City of Dubuque v. JOHN BABCOCK, Appellant.

**Constitutional Law:** ORDINANCE WITH PENALTY: *Jurisdiction of justice of the peace and on appeal.* Constitution, Article 1, section 11, limits the criminal jurisdiction of justices of the peace to cases where the penalty does not exceed a fine of $100, or imprisonment for thirty days. Dubuque City Ordinances, section 12, prescribes a penalty for the keeping of unlicensed pool or billiard tables, of $5 for each game played thereon. *Held*, that a justice of the peace has no original jurisdiction of an offense under such ordinance, and hence the district court no appellate jurisdiction thereof, as the offense is a continuing one, and the penalty might exceed, $100.

**SAME:** *Validity of ordinance.* Under Code, section 947, prohibiting cities under special charters from imposing a fine in excess of $100 for breach of an ordinance, Dubuque City Ordinances, section 12, prohibiting the keeping of unlicensed pool or billiard tables, and providing a penalty of $5 for each game played on an unlicensed table, is invalid, as the offense thus provided for, being a continuing one, the penalty may be larger than that authorized by the statute.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

THURSDAY, OCTOBER 18, 1900.

DEFENDANT was accused of violating an ordinance of the city of Dubuque prohibiting the keeping of billiard or pool tables for hire or gain, and prescribing a penalty therefor. An information charging the offense was filed before a justice of the peace. Defendant, being found guilty on such hearing, appealed to the district court, where there was a jury trial and a verdict of guilty. From the judgment thereon, imposing a fine of $50, defendant prosecutes this appeal.—*Reversed.*

*W. F. Rupert* for appellant.

No appearance for appellee.

WATERMAN, J.—We need notice but one of the many matters argued. The ordinance upon which this prosecution is founded is as follows: "Sec. 12. No person shall keep any billiard table, pigeon-hole table, pool table or any table to be used in any game similar thereto, or any bowling or ten-pin alley, for hire or gain, directly or indirectly received, without license therefor, under a penalty of $5 for each game played thereon for which pay or gain is received. (a) There shall be taxed and collected for a license to keep billiard and pool table, and tables used in games similar thereto, the sum of ten ($10) dollars, for each table," etc. It will be noticed that the offense described is the keeping of an unlicensed table for gain, and not the specific act of permitting a game to be played thereon. Permitting a single game to be played for hire is as complete an offense as though numerous games were played. The number of games is material only, under the ordinance, in fixing the penalty, which may be greater in some cases than in others for precisely the same offense. The crime charged here is, in our opinion, clearly a continuing one, like that of keeping a gambling house; and, as the fine fixed might be more than $100, a justice of the peace would have no jurisdiction to summarily try the case (section 11, article 1, Constitution), and, as the justice had no jurisdiction, the district court could acquire none on appeal. *State v. Carpenter,* 23 Iowa, 506. In cases of the sale of intoxicating liquors in violation of law, we have held that a prosecution is within the jurisdiction of a justice of the peace although the aggregate of the fines imposed is in excess of $100. *Jackson v. Boyd,* 53 Iowa, 536. But this is because in such cases more than one offense may be charged in the information, the penalty for each offense being within the constitutional limitation. Code, section 2425, and cases cited in note thereto. The city of Dubuque is under a special charter, but, in com-

mon with other cities of the state, may not impose a fine in excess of $100 for breach of an ordinance. Code, section 947. If proof in a case of this kind disclosed more than 20 games to have been played, the justice would have to discard a part of the penalty in order to keep within his jurisdiction, and there is no warrant for any such proceeding. As a matter of fact, the defendant here confessed in the trial court to there having been 4,500 games played for hire on his tables within the time charged in the information, and the proof showed many more games than were taken into account in fixing the penalty imposed. We are of the opinion that the city lacked power to prescribe any such penalty.—REVERSED.

GRANGER, C. J., not sitting.