[Criminal No. 342.   Filed June 6, 1913.]

[132 Pac. 1136.]

THE W. W. BROOKZER COMPANY, a Corporation, Appellant, v. STATE OF ARIZONA, Respondent.

1. CRIMINAL LAW — JURISDICTION OF JUSTICE OF PEACE — AMOUNT OF PENALTY.—A justice of the peace has no jurisdiction over a prosecution for selling a sack of sugar without stamping thereon the correct weight of the contents, as required by Laws of 1912 (1st Sess.), chapter 91, section 22, since the maximum penalty, a fine of $250, prescribed for the violation of that act exceeds the criminal jurisdiction of the justice of the peace, as provided in Laws of 1912 (2d Sess.), chapter 8, section 2.

2. CRIMINAL LAW — APPELLATE JURISDICTION — APPEAL FROM JUSTICE COURT.—In order that a court may acquire jurisdiction of a criminal prosecution upon appeal from a justice of the peace, it is necessary that the prosecution be one of which the justice had jurisdiction.

APPEAL from a judgment of the Superior Court of the County of Gila.   G. W. Shute, Judge.   Reversed.

The facts are stated in the opinion.

Messrs Rawlins & Little, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant to the Attorney General, for Respondent.

ROSS, J.—The appellant was tried in the justice's court of Globe precinct, Gila county, Arizona, upon the charge of violating section 22, chapter 91, Laws of 1912 (1st Sess.), in that it unlawfully sold a bag or sack of sugar without stamping or printing thereon, or on the wrapper thereof, the correct weight of the contents of such bag or sack. From a judgment of conviction in the justice's court it appealed to the superior court. A trial was had in the superior court upon a stipulation of the facts, and appellant was again found guilty, and sentenced to pay a fine of $100. The case comes to this court upon appeal from the judgment of the superior court.

The counsel in this case expressed a keen desire to have this court go into its merits and decide the question of law as to

whether, upon the facts of the case, appellant is guilty of any offense.   However, we find that this is not possible, as none of the courts in which this case has been prosecuted ever acquired jurisdiction of the subject matter.

The penalty fixed for the violation of the provisions of chapter 91, *supra,* is a fine of not less than five dollars, nor more than $250.   Sec. 26, Id.   Section 2 of chapter 8, Laws of 1912 (2d Sess.), amends paragraph 2048, Revised Statutes of 1901, and therein limits the jurisdiction of justices of the peace in criminal cases to offenses other than felonies "where the punishment is a fine of less than two hundred dollars, or imprisonment in the county jail not exceeding three months, or both such fine and imprisonment."   The test of the jurisdiction of the justice of the peace in this case, as in all others, is whether the maximum penalty that may be imposed upon convictions is greater than he is authorized to inflict.   If the penalty may be greater than the maximum that he can impose, then he is without jurisdiction.   Upon a conviction in this case, the court could punish the defendant by a fine of $250, which exceeds the jurisdiction of a justice of the peace.

The law is well stated in 12 Cyc. 203: "A justice of the peace, police judge, or other inferior magistrate has no jurisdiction to try one accused of a crime, the maximum penalty or punishment of which exceeds the power of his court to impose."

In order that the appellate court may acquire jurisdiction it is necessary that the court of first instance should have had jurisdiction.   "As he (justice) had no jurisdiction, the circuit court acquired no jurisdiction.   The jurisdiction of the circuit court depended entirely upon the justice's jurisdiction."   *Nace* v. *State,* 117 Ind. 114, 119, 19 N. E. 729; *State* v. *Babcock,* 112 Iowa, 250, 83 N. W. 908.

The judgment is reversed, with directions to the superior court to discharge the appellant.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

---

NOTE.—As to amount claimed or amount due as determining the jurisdiction of justice of the peace, see note in Ann. Cas. 1912A, 1284.