[No. 1582, Janary 10, 1914.]

D. H. PICKERING and LAURA PICKERING, his wife, Appellants, v. J. M. PALMER, Administrator of the Estate of M. B. Scott, Deceased, and W. T. DUFUR, as Sheriff of San Juan County, New Mexico, Appellees.

## SYLLABUS (BY THE COURT)

1. A judgment rendered by a Justice of the Peace, before the return day of the summons, is void, as being without jurisdiction.

p. 477

2. A person against whom a Justice of the Peace has rendered a judgment void for want of jurisdiction, is not

bound to appeal or remove the same by writ of certiorari, even though he have actual notice of the existence of the judgment.

P. 478.

3. In this State, where a Justice of the Peace has no power to set aside his judgments or grant a new trial, and where upon appeal or certiorari to the District Court the cause is triable de novo only, one against whom a void judgment has been rendered by a Justice of the Peace, is not, though with actual notice thereof, guilty of laches and negligence sufficient to bar his right to an equitable remedy against such judgment, because he fails to appeal or sue out a writ of certiorari.

P. 479

4. An action for damages for trespass under a void judgment and execution issued thereunder, is not such a plain, speedy and adequate remedy at law, as will bar an action to enjoin the enforcement of the judgment.

P. 480

Appeal from the District Court of San Juan County; Edmund C. Abbott, District Judge; reversed and remanded.

EDWARDS & MARTIN, and F. A. BURDICK, Farmington, N. M., for appellants.

A demurrer admits all facts well pleaded. Railroad Co. v. Railroad Co., 13 N. M. 345; Dame v. Cochite, 13 N. M. 10; Minor v. Marshall, 6 N. M. 194.

Facts show the rendition of a void judgment and the issuance of a void execution, and the wrongful seizure of property thereunder. Lohman v. Cox, 9 N. M. 509; Pickering v. Current, 16 N. M. 37; Holzman v. Martinez, 2 N. M. 288; 3 A. & E. Enc. of Law, 715; C. L. 1897, sec. 2685, sub-sec. 109; C. L. 1897, sec. 3267; 12 A. & E. Enc. 402; 24 Cyc. 497; Brown v. Keene, 8 Peters 115; Earle v. McVeigh, 91 U. S. 503; Bank v. Lewinson, 12 N. M.

147; Davis v. Tilleston Co., 6 How. 114; Lockhart v. Leeds, 12 N. M. 168; Meister v. Moore, 96 U. S. 78.

The District Courts of this State possess a superintending control over inferior tribunals. Territory v. Valdez, 1 N. M. 537; Muniz v. Herrera, 1 N. M. 365.

The statement that "plaintiffs had a plain, speedy and adequate remedy at law," is a mere conclusion of law. Streator v. Linscott, 95 Pac. 42.

Power of equity is not to ·be limited by statute, or otherwise, where such limitations would work injustice and wrong. Territory v. Valdez, 1 N. M. 533; Muniz v. Herrera, 1 N. M. 365; Gutierrez v. Pino, 1 N. M. 392; In re Henriquez, 5 N. M. 177; Lockhart v. Woollacot, 8 N. M. 24; El Capitan Co. v. Lees, 13 N. M. 413; C. L. 1897, sec. 3367; Smith v. Merrill, 55 Pac. 824; Dial v. Olsen, 36 Pac. 175; Bassett v. Mitchell, 19 Pac. 671; Olson v. Nunally, 28 Pac. 149; Merriman v. Walton, 30 L. R. A. 876, and note; Elliott v. Lessee of Piersol, 7 L. Ed. 170; Kimball v. Short, 43 Pac. 321; Chester v. Miller, 13 Cal. 558; Chicago, M. & St. P. Ry. Co. v. Third National Bank, 134 U. S. 276; Sheldon v. Motter, 53 Pac. 90; Gregory v. Diggs, 45 Pac. 261.

J. M. PALMER, Farmington ,N. M.,·for appellees.

An appeal will lie from a judgment of the Justice of the Peace, whether void or voidable. Douthitt v. Bailey, 14 N. M. 530; 24 Cyc. 423; De Baca v. Wilcox, 11 N. M. 352; Livermore v. Campbell, 52 Cal. 75; White v. Crow, 28 L. Ed. 113; Lohman v. Cox, 9 N. M. 509; Gutierrez v. Pino, 1 N. M. 392; Kerr v. Murphy, et al., 8 A. & E. Ann. Cas. 1138, 69 L. R. A. 499.

Plaintiffs must exhaust their legal remedies before coming to a court of equity for relief. Kerr v. Murphy, 8 A. & E. Ann. Cas. 1141; Grand Chute v. Winegar, 15 Wall. 373, 21 U. S. (L. Ed.) 174; Carney v. Hadley, 22 L. R. A. (N. S.) 233; 22 Cyc. 769, and cases cited; Mastick v. Thorp, 29 Cal. 444.

Equity will not afford relief to a party who has been negligent in obtaining a legal remedy. Vantilburg v.·

Black, 3 Mont. 459; McCormick v. Hubbell, et al., 5 Pac. 314; Texas M. R. Co. v. Wright, 88 Tex. 346, 31 S. W. 613; Houston E. & W. T. R. Co. v. Ellisor, 37 S. W. 972; 4 Standard Enc. of Procedure, 478; 16 N. M. 37; 14 N. M. 530.

Reply Brief for Appellants.

Mastick v. Thorp, 29 Cal. 444; In re Debs, 39 L. Ed. 1102; Davis v. Tileston Co., 6 How. 114; C. L. 1897, sec. 2685, sub-sec. 96; 23 Cyc. 1089; Levy v. Ortega, 9 N. M. 392; Hagerman v. Meeks, 13 N. M. 571; Oliver v. Enriquez, 16 N. M. 326; People ex rel. Carrilla v. De La Guerra, 24 Cal. 78; 12 A. & E. Enc. 206, note; Orleans v. Ripley, 25 Am. Dec. 175; Pickens v. Coal Riv. B. & T. Co., 24 L. R. A. (N. S.) 356; Bank v. Bryan, 13 Bush. 419; Enix v. Miller, 54 Ia. 551; Bank v. Burnam, 61 Mo. 76; U. S. v. Bliss, 172 U. S. 322, 43 L. Ed. 463.

### STATEMENT OF THE CASE.

The complaint states that the deceased Scott sued them in the Justice of the Peace court for precinct No. 2, San Juan County, for debt in the sum of $100.00. That the summons in the action was served on them on the 19th day of November, 1910, commanding them to appear on the 24th of the same month. That on the 23rd of November, 1910, the said Scott wrongfully and unlawfully induced the Justice of the Peace to hear the evidence in the case and to render judgment therein in the sum of $100.00 and costs of suit against the appellants. That on the 25th day of July, 1911, an execution was issued, based on the said judgment, and placed in the hands of the Sheriff of San Juan County, and that the Sheriff on the 1st day of August, 1911, took and levied upon several head of cattle of appellants and unless restrained will sell said cattle. An injunction was prayed.

Appellees demurred, on the ground that the complaint failed to state a cause of action because on its face it appears that the plaintiffs had in the action therein referred to, a plain, speedy and adequate remedy at law, by ap-

peal from said judgment or by writ of certiorari. The demurrer being sustained by the court, the plaintiffs elected to stand on their complaint, and refused to further plead, and judgment was rendered dismissing the action.

### OPINION OF THE COURT.

MECHEM, D. J.—The judgment was void because there was no service of appellants to appear on the day it was rendered. The Justice had no jurisdiction to render the judgment. It is not a question, whether the appellants had proper notice, as in the case cited by counsel, (Kerr v. Murphy, 19 S. Dak. 184, 8 A. & E. Ann. Cases), but whether they had any notice at all. In the case cited the defendant was given but two days' notice when the statute required three days' notice. The court held that "the police justice considered the return before him and erroneously decided that the plaintiff in the action had had proper notice."

It was an irregularity in a preliminary proceeding, not an entire want of the preliminary proceeding. The distinction is drawn between "a want of jurisdiction and a defect in obtaining jurisdiction" (1 Freeman on Judgments, sec. 126), between "a case where there is no service whatever and one which is simply defective or irregular" (id.) As was said in Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899, the defendant in the latter case has his day in court to object to the process. The test is in such cases whether the court had a right to decide or whether having the right to decide its judgment was merely erroneous. In this case the Justice of the Peace had no right to decide.

While the complaint was demurred to because it showed on its face that the appellants had a remedy at law by appeal or certiorari, yet at the time of the bringing of this action their time for availing themselves of those remedies had long since passed. Before they will be denied the relief they ask, they must have lost the right to those legal remedies by their laches or negligence. Assuming that the appellants had actual knowledge that the judgment

had been given against them, were they legally bound to appeal from it or remove it to the District Court by writ of certiorari? In a very similar case, National Metal Company v. Greene Consolidated Copper Companay, — Ariz.—, 89 Pac. 535, 9 L. R. A. N. S. 1062, the Court said :—"If the allegations in this complaint are true, there was no service whatsoever, and the judgment, though not void on its face, is void in fact; and plaintiff's only adequate protection lies in this action. That it did not act upon the information acquired from Pellegrin, was not neglect, was not 'sleeping in its rights,' it was inaction in reliance upon its legal rights, in reliance upon the constitutional guaranty of due process of law. Such is not the inaction which bars relief in equity. To accomplish such a bar, it is said that the inaction must be such as amounts to a violation of a positive legal duty.' Pom. Eq. Jur., 2nd ed., 856, p. 1187."

And in Cooley v. Barker, 122 Iowa 440, 98 N. W. 289; 101 Am. St. 276, being an action to enjoin the enforcement of a judgment of a Justice of the Peace, it was said:—

"Appellees contend that the plaintiff is not entitled to relief because of laches, and for the further reason that he does not show that he was not in fact indebted to the plaintiff in the judgment. There is no foundation either in fact or in law for the first proposition. Plaintiff had no occasion to act until some attempt was made to enforce the void judgment. When that was done, he brought this action. It was timely, and defendants were in no manner prejudiced by the delay."

If one having actual notice of a judgment given against him by a court having no jurisdiction, must act, then the judgment is not void to all intents and purposes, an impossible conclusion. If the judgment is void, and no rights can be acquired under it, can any corresponding burdens or obligations be put on others by reason of it? If the judgment was void as to appellants, why would they be compelled to take notice of it any more than any other person in the whole world? Nor can it reasonably be said because of notice, because there being no

legal notice there is nothing of which one is bound to take cognizance. If this is so, then a court may render judgment upon the sole showing that the defendant knew that a suit had been brought against him or even that a suit was going to be brought against him. Siling v. Hendrickson, 193 Mo. 365, 92 S. W. 105.

These considerations would appear to be conclusive against the proposition that the appellants were bound to act, though they knew the judgment had been given against them.

Nor would the remedies by appeal or certiorari seem adequate, as those remedies are given and controlled **3** by our statutes. By availing themselves of those remedies, the appellants would have waived the violation of their rights of which they now complain. On both appeal and writ of certiorari, the case is tried in the District Court de novo, and no advantage can be taken of an error in the Justice of the Peace court as to process. If the Justice had jurisdiction of the subject matter of the action and could have obtained jurisdiction of the persons of the defendants, on appeal or certiorari the District Court has complete jurisdiction, because to pursue either course, the appellants must have entered their general appearance. Crolot v. Maloy, 2 N. M. 198.

In addition to waiving their rights, the appellants would have been compelled to give bond, pay a docket fee in the District Court and perhaps employ an attorney. The amount involved does not effect the principle involved. In a case involving a few dollars, a poor man might be compelled to abide an invasion of his rights.

If the statutes permitted the Justice of the Peace upon a special appearance to set such a judgment aside, or if, on removal, the District Court might reverse for such an error and cast the party at fault in the costs, the case would be different. Such legal remedies would be as complete, practical, and as efficient to the ends of justice and its prompt administration, as the remedy in equity.

Nor do appellants have a plain, speedy and adequate remedy at law in an action against the Justice of the

Peace or the officer acting by virtue of the execution, as announced in Gutierrez v. Pino, 1 N. M. 392, where it was said that the fact that the legal remedy for a wrong is expensive and inconvenient, will not give a court of chancery jurisdiction, but that decision must be treated as overruled by the Supreme Court of the United States. In the case of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, where it was said:

"This Court has repeatedly declared in affirmance of the generally accepted proposition that the remedy at law, in order to exclude a concurrent remedy at equity, must be as complete, as practical, and as efficient to the ends of justice and its prompt administration, as the remedy in equity."

The remedy appellants now seek is beyond any doubt far more complete, practical and efficient to the ends of justice and its prompt administration than any known action at law.

For the reasons above stated, the judgment of the lower court is reversed, and this cause remanded.

### SYLLABUS (BY THE COURT)

