**THE PEOPLE OF THE VIRGIN ISLANDS,**
**Plaintiff**

v.

**MORRIS E. DAVIS, Defendant**

Criminal No. 4-1938

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

March 28, 1938

**HASTIE,** *Judge*

This is an appeal from a criminal judgment of the Police Court of Christiansted, wherein, after trial of a complaint charging the crime of aggravated assault, Morris E. Davis was found guilty of "Disturbance of the Peace in violation of Sections 9 and 11" of chapter 8, of Title IV, of the Code (1921; 14 V.I.C. §§ 621, 622), and sentenced "to pay a fine of fifty ($50.00) dollars, and to serve a term of 120 days in jail."

The appeal has been taken and a transcript of the record below filed in this court pursuant to chapter 37, of Title V, of the Code (1921; 4 V.I.C. §§ 33, 33 note). On such an appeal, a retrial of the substantive issues of the case on the original pleadings is the usual procedure prescribed by the Code. The only questions of law properly reviewed,

without a retrial of issues of fact, are questions concerning the jurisdiction of the Police Court which are raised by the record filed in this court. However, such questions of jurisdiction must be considered at the outset.

■ ■ "At the threshold of every judicial proceeding arises the question of jurisdiction of the tribunal taking cognizance of the cause to proceed to judgment. 'The question of jurisdiction is self-asserting in every case. It arises although the litigants are silent. Even their consent cannot authorize cognizance if fundamental grounds of jurisdiction are absent'." See Rider v. United States (C.C.A. 8th) 149 Fed. 164.

■ ■ The transcript of record shows that this prosecution was initiated by the filing of a complaint in the Police Court. The complaint was signed and verified by one Joseph Miller and charged the defendant with having committed the specific crime of aggravated assault in violation of "Section 32, Chapter 5, Title IV, of the Code of Laws [1921; 14 V.I.C. § 298]." The Code provides that aggravated assault shall be punished "by fine not exceeding $500.00, or imprisonment in jail not exceeding one year, or both such fine and imprisonment."

A crime thus severely punishable is beyond the jurisdiction of the Police Court. Section 32 of the Organic Act of the Virgin Islands (June 22, 1936, ch. 699, § 32, 49 Stat. 1814; prec. 1 V.I.C.; 48 U.S.C. § 1406d) provides, in part, as follows:

"The inferior courts shall have jurisdiction concurrent with the district court in all . . . criminal cases wherein the punishment that may be imposed shall not exceed a fine of $100 or imprisonment not exceeding six months . . . . Such inferior courts shall hold preliminary investigations in charges of felony and charges of misdemeanor in which the punishment that may be imposed is beyond the jurisdiction granted to the inferior courts by this section, and shall commit offenders to the district court and grant bail in bailable cases."

Thus, with reference to the complaint in this case, the only power possessed by the Police Court was power to conduct a preliminary hearing. If such a hearing revealed probable cause for holding the defendant to answer on the complaint of aggravated assault, then the defendant would properly be committed to the District Court. If the preliminary hearing tended to show that some lesser and different crime had been committed, or that the defendant was not guilty of any crime, the preliminary hearing could properly terminate in the holding of the defendant for trial on such lesser offense, or in his discharge from custody.

██ ██ In the present case none of these things was done. A hearing on a complaint charging aggravated assault terminated in a finding that the defendant was not guilty of aggravated assault and a conviction of some combination of two lesser offenses — disturbance of the peace and unlawful display of a deadly weapon. Whether this conviction can stand under different circumstances need not be considered at this time. It is sufficient to say that a hearing in the Police Court on a complaint charging a crime beyond the jurisdiction of that court cannot support a conviction for any offense. Under such a statute as ours jurisdiction is to be tested, not by the judgment actually rendered, but by the penalty which might be imposed pursuant to the charge upon which trial was held. Compare C. F. Brookner v. State, 14 Ariz. 546, 132 Pac. 1136; In re Monroe, 13 Okl. Cr. 62, 162 Pac. 233. The purported trial in the Police Court was coram non judice, and the purported judgment of that court had no legal effect.

██ The judgment of the Police Court is void for another reason. Neither the judgment itself nor any part of the record made in the Police Court shows a plea by the defendant. Chapter 34, of Title V, of the Code (1921)

which defines trial procedure in the Police Court expressly requires a plea and prescribes a form of judgment in which a recital of the defendant's plea is an essential element. The character of the proceeding in the Police Court was such that the defendant, not being required to plead, could properly believe that only a preliminary hearing was being conducted. As has already been pointed out, the charge was of such a character that a preliminary hearing was the only lawful proceeding before the Judge of the Police Court. The warrant of arrest, which is part of the record before this court, commanded any peace officer to bring the defendant before the Police Judge or "before the nearest or most accessible magistrate." During the course of the hearing the Judge advised the defendant: "you may make a statement if you care to." Thus, the proceeding was conducted in every respect as a preliminary hearing rather than a trial. In such circumstances, and with nothing appearing of record which would advise the defendant that he was actually on trial, it cannot be said that the plea was a formality which could have been waived.

The conclusion that a plea was vital, even though the offense charged was not a felony, is consistent with a precedent from Alaska, the jurisdiction from which our statutory criminal procedure was derived. Compare Shelp v. United States, 81 Fed. 694.

■ One feature of the case remains to be examined. Conceding the invalidity of the trial judgment, does the fact that this court, on an appeal from the Police Court, is empowered to rehear the entire matter make it possible to proceed with a trial on the original complaint? I think not.

A very similar situation, involving an appeal to a District Court of the United States from a void criminal judgment of a United States Commissioner, was consid-

ered by the Circuit Court of Appeals for the Eighth Circuit, in Rider v. United States, supra. There, the Court said: "Without deciding that this prosecution could be instituted in the first instance in the District Court, it is sufficient to say that we are unable to find any precedent or authority in a criminal proceeding for treating a cause on appeal, where the prosecution might have been originally instituted in the Appellate Court, as if it had been so instituted, the defendant appearing and going to trial . . . . This proceeding was instituted . . . 'upon sworn complaint,' which might have been made by any person . . . . The mere transcript of this proceeding was brought into the District Court by appeal. An original proceeding in the District Court could not be instituted on a mere sworn complaint. It would require an information in due form, lodged by the United States District Attorney . . . The plaintiff in error was not brought before the District Court on such an information, and was not tried on plea thereto; but the District Court acquired jurisdiction only by virtue of the appeal from the judgment of conviction and sentence by an officer who had no jurisdiction . . . Had he never appealed from that judgment, as it was coram non judice, the sentence could not lawfully have been enforced . . ." (at pages 169-170).

Similarly in the present case, there has been no legal trial and no effective judgment of the Police Court upon which an appeal can be based.

An order will be entered declaring the judgment of the Police Court void, ordering the discharge of the defendant and exonerating his sureties. However, this disposition of the present case will be without prejudice to any other proceedings which may lawfully be taken with reference to the subject of this complaint.