## JUNE 27, 1941

EX PARTE A. A. BRACHEY, W. S. EUMAN, E. A. MCDANIEL, M. DOWNIE, TED SPEARS, O. E. MOSGAMSTROS, J. H. MCCURDY AND CHARLES NOLTE.

No. 21722. Delivered June 27, 1941.

The opinion states the case.

*Joe Dickson,* of San Antonio, for appellants.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relators were charged in separate complaints with the offense of an unlawful assembly in the town of Jourdanton in that they "did then and there meet with three or more persons, said persons being to the complainant unknown, with the intent then and there to aid said persons, and with the aid of said persons illegally deprive the citizens then and there being upon the public streets and business houses in the city of Jourdanton of a right,to-wit: the right to pursue their labors and occupation of securing their merchandise and transporting them to and from the business houses of said city, and by means of congregating themselves upon the side walks of said city, and their vehicles within the streets of said city in such manner as to prevent the free and ordinary movement of traffic in said city, and did then and there interfere with the employment of such persons in the manner aforesaid—the persons so interfered with being to the affiant unknown."

Upon their trial before a justice of the peace, without the intervention of a jury, they were each fined the sum of $75.00. Upon a failure to pay such fine and costs, they were each placed in the county jail of Atascosa County, and thereafter each sued out a writ of habeas corpus before the county judge of that county, and were by such county judge remanded to the custody of the sheriff of that county, from which ruling they gave proper notice of appeal to this court.

Article 439, P. C. provides that:

. "An 'unlawful assembly' is the meeting of three or more persons with intent to aid each other by violence or in any other manner either to commit an offense or illegally to deprive any person of any right or to disturb him in the enjoyment thereof."

Under this chapter of unlawful assemblies there are various purposes set forth for which such assemblies may be had, and various punishments affixed for such unlawful acts.

Art. 449 P. C. reads as follows:

"If the purpose of the unlawful assembly be to prevent any person from pursuing any labor, occupation or employment, or to intimidate any person from following his daily avocation, or to interfere in any manner with the labor or employment of another, the punishment shall be by fine not exceeding five hundred dollars."

A comparison of the allegations of the complaint with provisions of Article 449, P. C., convinces us that the person drawing these complaints meant and intended to frame these charges under the terms of Art. 449, supra.

It is contended that this complaint comes under the terms of Art. 452, P. C., and evidences that such is the evident intention of the pleader as shown by the instrument itself.

Art. 452, P. C. reads as follows:

"If the purpose of the unlawful assembly be to effect any illegal object other than those mentioned in the preceding articles of this chapter, all persons engaged therein shall be fined not more than two hundred dollars."

We think it is evident that Art. 452, supra, was intended and enacted for the purpose of making punitive any illegal object not denounced by the preceding articles in such Chapter One, Title 9 of the Penal Code, and was not intended to affect any of the previous articles which had particularized in setting forth the purposes and punishing the carrying out of such purposes.

It is noted also that the punishment for the commission of the acts denounced in Art. 449, supra, shall be by fine not exceeding five hundred dollars, which amount of course exceeds the jurisdiction of the justice courts. Art. 60, C. C. P.

We are of the opinion that the complaints herein charge an offense under Art. 449, supra, and therefore the justice of the peace had no jurisdiction to try said causes, and that his judgments therein finding relators guilty under such complaints are void. It follows that the judgments of the county court herein are reversed and relators ordered discharged upon the judgments of the justice court of precinct No. 1 of Atascosa County.

Reversed and relators ordered discharged.