362 P.2d 513

Don GRIFFITH, Plaintiff-Appellant,

v.

STATE OF NEW MEXICO and Reuben E. Nieves, Assistant District Attorney for the State of New Mexico, and Val Baumgart, Justice of the Peace, Precinct No. 20, Curry County, New Mexico, Defendants-Appellees.

No. 6744.

Supreme Court of New Mexico.

May 31, 1961.

Morris Stagner, Clovis, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., F. Harlan Flint and Boston E. Witt, Asst. Attys. Gen., for appellee.

MOISE, Justice.

This is an appeal from an order dissolving a temporary injunction theretofore issued by the trial court restraining the appellees, being the Assistant District Attorney of the Ninth Judicial District and the Justice of the Peace of Precinct 20, Curry County, New Mexico, from enforcing an order theretofore entered by the appellee, Justice of the Peace, convicting the appellant herein of driving an automobile while his driver's license was revoked and assessing a fine and an extension of a revocation previously entered in connection with a plea of guilty to a charge of driving while under the influence of intoxicating liquor.

The case arose by the filing of a "Petition for Injunction" in which it was alleged that appellant had been arrested and charged with driving while intoxicated, the

complaint being signed by a person who was not present at the time of the arrest and who had no personal knowledge of the facts of the alleged offense, and upon complainant being arraigned before appellee, Justice of the Peace, pleaded guilty and was fined and his driver's license revoked for one year. It is then alleged that some months later appellant was again arrested and charged with driving while his license was revoked, entered a plea of not guilty before appellee Justice of the Peace, but was convicted and was fined, sentenced to two days in jail, and the license revoked for an additional year. An appeal was taken from this conviction, but no docket fee for docketing an appeal was paid, whereupon appellee, Assistant District Attorney, procured the dismissal of the appeal. A motion to vacate the judgment in the justice of the peace court was then filed. It was overruled and an appeal perfected and after hearing on the appeal the justice of the peace judgment was affirmed. Thereupon, the Petition for Injunction was filed and the temporary injunction issued.

The petition contained a second count which need not be considered in connection with this appeal.

The matter was heard by the court on a motion to dissolve the temporary restraining order because of lack of jurisdiction to issue the same. The motion was sustained and this appeal followed.

Appellant's brief in chief specifies ten points relied on for reversal. Appellee attacks the brief, first by a motion to dismiss the appeal for certain alleged defects in the procedure followed by appellant in perfecting his appeal, and in the form of the brief in chief as filed. Decision on the motion was deferred for consideration at this time. In appellee's answer brief the procedural defects are again urged. The matters presented in the motion and briefs in support of dismissal have been considered and found to be without merit.

The only question presented to the trial court, and the only issue which we need consider is whether or not the trial court had jurisdiction to entertain the action.

In Pickering v. Palmer, 18 N.M. 473, 138 P. 198, 50 L.R.A.,N.S., 1055, we held that a party aggrieved by action of a justice of the peace court in entering a void judgment, was entitled to equitable relief by way of injunction against enforcement of the void judgment. Although in the later case of Field v. Otero, 35 N.M: 68, 290 P. 1015, it was concluded that a judgment prematurely entered by a court was not void as decided in Pickering v. Palmer, supra, the case is still authority for the proposition that where the action of the trial court is void for lack of jurisdiction equitable relief is properly granted to prevent irreparable harm in attempted enforcement of the void orders. See also

State ex rel. Davie v. Bolton, 53 N.M. 256, 206 P.2d 258.

██ Was the judgment entered by appellee, Justice of the Peace, void for want of jurisdiction? The offense of driving while license is suspended or revoked is covered by § 64–13–68, N.M.S.A.1953, which reads as follows:

"(a) Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is suspended or revoked shall be guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not less than two (2) days nor more than six (6) months and there may be imposed in addition thereto a fine of not more than $500.

"(b) The division upon receiving a record of the conviction of any person under this section upon a charge of driving a vehicle while the license of such person was suspended shall extend the period of such suspension for an additional like period and if the conviction was upon a charge of driving while a license was revoked the division shall not issue a new license for an additional period of one (1) year from and after the date such person would otherwise have been entitled to apply for a new license."

The jurisdiction of justices of the peace is set forth in § 36–2–5, N.M.S.A.1953, which reads as follows:

"Justices of the peace are hereby given jurisdiction in all cases of misdemeanors where the punishment prescribed by law may be a fine of one hundred dollars ($100) or less, or imprisonment for six (6) months or less, or may be both such fine and imprisonment. Provided, that this act (section) shall not apply to misdemeanors, jurisdiction whereof is exclusively vested in district courts."

In a situation such as this where jurisdiction is limited to misdemeanors where punishment "may be *a fine of $100.00 or less or imprisonment for 6 months or less*," or both, does the court have jurisdiction of a misdemeanor where the penalty may be by *imprisonment of not more than 6 months* and "in addition a fine of not more that $500."?

It does not appear that we have ever had the question directly presented to us. However, the Supreme Court of Arizona had occasion to consider it at an early date. In the case of W. W. Brookner Co. v. State, 14 Ariz. 546, 132 P. 1136, it was decided that a justice of the peace court in that state had no jurisdiction to try a case involving a charge carrying a maximum penalty of a $250 fine when the statutory jurisdiction limited fines that could be imposed to $200. This holding has been affirmed in the later case of Frazier v. Terrill, 65 Ariz. 131, 175 P.2d 438. To like effect are Ex parte Brachey, 142 Tex.Cr.

332, 152 S.W.2d 763, and Ex parte Morris, Tex.Cr.App.1959, 325 S.W.2d 386. We agree with these holdings and accordingly conclude that the appellee, Justice of the Peace, had no jurisdiction of the case against appellant arising under § 64–13–68, N.M.S.A.1953, and his judgment was accordingly void and a nullity and the issue could be raised at any time. Jencks v. Goforth, 57 N.M. 627, 261 P.2d 655; Pickering v. Palmer, supra. The case can be distinguished from City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141. It also differs from Munis v. Herrera, 1 N.M. 362, where petitioner had an adequate remedy at law, and was accordingly denied equitable relief against a void judgment. Here we do not perceive that appellant has such a remedy. True, he could have appealed from the justice of the peace court judgment, but having failed to do so his only recourse was to seek equitable aid as he has done here.

We conclude that the lower court erred in its conclusions that it was without jurisdiction to interfere with the enforcement of a judgment entered by the justice of the peace court in a case where that court lacked jurisdiction.

The order appealed from is accordingly reversed and the cause remanded to the district court with instructions to reinstate the cause on the docket, to overrule the motion to dismiss and to proceed to determine said cause in a manner not inconsistent herewith.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.