Eddie Douglas Jones, et al v. State

No. 34,310.   April 4, 1962

WOODLEY, Presiding Judge, dissented.

*Hamah R. King, George Washington, Jr.* (*Otis H. King* of Counsel) Houston, for appellants.

*Frank Briscoe,* District Attorney, *Walter A. Carr,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is unlawful assembly; the fine as to each of the 18 appellants was $100.00.

At most, the State proved that the 18 accuseds, some white and some colored, at least one of whom had in his possession a railway ticket entitling him to travel to the State of California, presented themselves at the Union Station restaurant in Houston, which would seat ninety-four patrons and was only partially filled and which was located from four railroads engaged in interstate commerce and located in the Union Terminal building, with the only entrances opening into the terminal, and seated themselves at the counter and in booths. They were not served because there were members of the colored race among them. There was never any loud talking, noise, communication with other patrons in the establishment, or boisterous or unseemly conduct on the part of any of them. They stand convicted of an unlawful assembly denounced by our Article 449, V.A.P.C., as follows:

"If the purpose of the unlawful assembly be to prevent any person from pursuing any labor, occupation or employment, to intimidate any person from following his daily avocation,

or to interfere in any manner with the labor or employment of another the punishment shall be by fine not exceeding five hundred dollars."

In the past, this Court has pointed out what acts constitute a violation of this Act. See Ex Parte Bracye, 142 Texas Cr. Rep. 332, 152 S.W. 2d 763.

We must now determine if, under the holding of the Supreme Court of the United States in Garner v. Louisiana, 368 U.S. 157, 92 S.Ct. 248, 7 L. Ed. 2d 207, the facts stated above constitute *any* evidence to support these convictions.

We have concluded that they do not, and a reversal of the conviction is necessarily called for. See also Boynton v. Virginia, 364 U.S. 451, 81 S. Ct. 182, 5 L. Ed. 2d 206, and Bailey v. Patterson, 82 S. Ct. 549.

The judgments are reversed and the causes are remanded.