## JACOB HANSCOMB *vs.* LEVI RUSSELL.

A police court, established by a statute which provides that its jurisdiction shall not be limited by the reason of any interest on the part of its justices " in the payment of fines and costs into the treasury " of the town or county, has jurisdiction of a civil action to recove a penalty given by statute, one half to the town and the other to the plaintiff.

ACTION OF TORT, brought in the police court of Cambridge by an inhabitant of that city against an inhabitant of Somerville, to recover penalties for setting a seine in Little Brook, a stream between Cambridge and Somerville, in which the tide ebbs and flows, and emptying into Mystic River; contrary to

the provisions of the *Sts.* of 1788, *c.* 68, and 1820, *c.* 67. The defendant appealed from a judgment of the police court to the court of common pleas, and there moved that the action be dismissed because the police court of Cambridge had no jurisdiction thereof. The court of common pleas ordered the action to be dismissed, and the plaintiff appealed.

*L. Marrett,* for the plaintiff.

*B. F. Butler,* for the defendant.

METCALF, J. The only question now before us is, whether the police court in Cambridge had jurisdiction of this action. By § 2 of the act establishing that court, (*St.* 1854, *c.* 335,) it has jurisdiction, concurrent with justices of the peace in the county of Middlesex, of all suits and actions within the jurisdiction of those justices; and by § 13 it is declared that its jurisdiction shall not be limited by reason of any interest on the part of the justices of said court " in the payment of fines and costs into the treasury" of Cambridge or of the county.

This action is brought by an inhabitant of Cambridge on *St.* 1820, *c.* 67, § 4, (5 Special Laws, 414,) in connection with *St.* 1788, *c.* 68, (1 Special Laws, 238,) to recover a forfeiture or penalty, one half of which, by the first mentioned of these statutes, § 7, is to the use of the plaintiff, and the other half to the use of the town where he belongs. The justice of the police court, being an inhabitant of Cambridge, and a taxpayer there, is interested in a moiety of the forfeiture or penalty sought to be recovered in this action, and therefore would not have jurisdiction, were it not for the above provision in § 13 of the act establishing the court. *Commonwealth* v. *McLane,* 4 Gray, 427. And it is argued for the defendant that this provision does not extend nor apply to a civil action, in which the plaintiff seeks to recover the sum alleged to be forfeited by the defendant. This argument must fail, unless we understand the legislature to have meant, by the word " fines," only those pecuniary punishments of offences, which are inflicted by sentence of a court in the exercise of criminal jurisdiction. And such, undoubtedly, is one of the technical meanings of the word, and such its meaning in those chapters of our revised statutes, (Part IV.)

in which it is enacted that the offences there described " shall be punished by fine." But the word " fine " has other meanings ; as appears by most of the dictionaries of our language, where it is defined not only as a pecuniary punishment, but also as a forfeiture, a penalty, &c. Once at least, in the revised statutes, the word is used in this latter sense. In § 42 of *c.* 118, it is provided that, in certain cases, a pecuniary fine or forfeiture, imposed by law, may be sued for and recovered in a civil action.

We think it would be inconsistent with the manifest intent of the legislature, if we were to construe " fines," in the statute before us, in the restricted and technical sense for which the defendant contends. We therefore give it a construction which shall include not only one of its technical meanings, but also its meaning " according to the common and approved usage of the language." Rev. Sts. *c.* 2, § 6. Indeed, this construction is as well warranted by the established rules of interpretation, as by the revised statutes. Bac. Ab. Statute, I. 5. Dwarris on Sts. (2d ed.) 567, 573, 578, 582, 583. Story on U. S. Constitution, § 453. 1 Kent Com. (6th ed.) 461 *& seq.* And upon examining the subject matter of *St.* 1854, *c.* 335, and the object and intention of the legislature in passing it, and comparing all its various provisions, we are of opinion that it was intended to give to the court thereby established jurisdiction of a suit like this, notwithstanding the trifling interest of the justice in the sum sought to be recovered ; and that the word " fines " means forfeitures and penalties recoverable in civil actions, as well as pecuniary punishments inflicted by sentence.

The court of common pleas, to which this case was taken by appeal, having dismissed it, on the ground that the police court had not jurisdiction thereof, the order of dismissal is reversed.

*Case remitted to the court of common pleas to be proceeded in.*