(23 Misc. Rep. 401.)

### CITY OF HUDSON v. GRANGER.

(Supreme Court, Special Term, Albany County. April, 1898.)

CRIMINAL LAW—APPEAL—VIOLATION OF CITY ORDINANCE.

 A proceeding for the violation of a city ordinance, where the punishment is a fine and imprisonment, is criminal in character, and no appeal will lie from a judgment of acquittal.

Appeal from city court of Hudson.

Proceeding by the city of Hudson against William Granger for the violation of a city ordinance. From a judgment of acquittal, the city appeals. Appeal dismissed.

Samuel B. Coffin, for appellant.
Edward F. McCormack, for respondent.

FURSMAN, J. The charge against the defendant is the violation of an ordinance of the city of Hudson forbidding any person not designated or employed for that purpose by the common council from interfering in any manner with the fire-alarm system of the city. The proceeding taken before the city judge was in no just sense a civil action. It was not of such a character that a judgment could be rendered, and an execution issued thereon as in a civil action. The whole conduct of the case from beginning to end followed the methods of criminal procedure, and was not in the least in conformity to the practice in civil actions. There was no complaint or answer. There was instead an "information" of the precise character defined in section 145 of the Code of Criminal Procedure. The warrant issued was in form a criminal, and not a civil, warrant. It did not require the defendant to answer the city of Hudson, as in a civil action. It is addressed to "any peace officer," etc., and commands that the defendant, when arrested, shall be brought before the magistrate issuing it, or, in case of his absence, etc., "before the nearest or most accessible magistrate in the county,"—a requirement that is peculiar to criminal, and not at all applicable to civil, warrants. The return shows that on being brought before the magistrate the defendant entered a plea of not guilty,—a plea entirely unknown in civil actions,—and on the information and this plea he

was tried and acquitted. Had he been convicted, an execution could not have been issued as in civil actions, but a warrant of commitment, as in criminal cases, would have been the only possible means by which to enforce the judgment. Every step taken was applicable to a criminal procedure, and none were applicable to a civil action. Moreover, the proceeding was not to recover a penalty, but to cause to be imposed upon the defendant a fine, and, in default of payment, imprisonment "not exceeding one day for each dollar" of the fine imposed. "Penalty" and "fine" are not in law the same. A penalty is always recoverable in a civil action; a fine never is. A penalty, when recovered, goes to the party suing; a fine to the people, though, in order to take fines imposed for violating ordinances of the city of Hudson out of this general rule, an express provision was inserted in the charter requiring them to be paid to the city treasurer. A fine is defined in law to be "a pecuniary punishment, imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor." Bouv. Law Dict. tit. "Fine." This definition is wholly inapplicable to a judgment in a civil suit. Now, the ordinance in question does not impose any penalty for its violation, nor does the city charter impose any. Section 65 provides that any violation of any ordinance "shall be punishable by a fine not exceeding $25, or by imprisonment until the same shall be paid, not exceeding," etc. This is not a penalty recoverable in a civil action, but a punishment for crime. A penalty is fixed and absolute, and, when recoverable, the recovery must be for the full amount. Nothing is left to the discretion of the court. But under this section the fine to be imposed is left wholly to the discretion of the court within the maximum limit of $25. The court may exercise mercy towards a person convicted under it, and fine him only $1, or even one cent. It is absurd to say that such a discretion could be exercised in a civil action to recover a penalty. It is true that section 63 provides that the common council may bring suit in the name of the city against any person violating any city ordinance "to recover the penalties therein prescribed," but there is no penalty such as may be recovered in a civil action anywhere prescribed either in the charter or the ordinance itself. The proceeding, under section 65, is essentially and necessarily criminal in character. A civil action cannot be maintained under it. The only proper procedure is of a criminal nature, and that was pursued. The cases cited by the learned counsel for the appellant are not in conflict with these views. In Wood v. City of Brooklyn, 14 Barb. 425, the ordinance violated provided that every person offending against it should "forfeit and pay the sum of $50 for each and every offense." In City of Buffalo v. Schliefer, 25 Hun, 275, the ordinance imposed a penalty of $10 for its violation, and the warrant required the defendant to answer the city of Buffalo. In all such cases the penalty is to be collected by a civil action. In the present case, however, there is no penalty that may be so recovered; there is only a discretionary punishment that may be inflicted as for the commission of a crime. Upon a judgment for a penalty in a civil action an execution may issue upon which property may be seized, but upon a judgment of conviction under sec-

tion 65 property cannot be taken.   If the defendant refuses to pay the fine imposed, the only alternative is imprisonment.   Code Cr. Proc. § 487.   This, therefore, was in every particular a criminal, and not a civil, proceeding, and was the only proceeding that could properly be brought.   It follows that this appeal must be dismissed, and it is, therefore, unnecessary to decide the other questions in the case.

Appeal dismissed, with costs.