Merrimack, }
  Dec., 1899. }

## STATE *v.* McCONNELL.

Whether a proceeding for the collection of a penalty is to be deemed civil or criminal depends upon the form of action permitted, and not upon the denomination of the prescribed penalty as a fine or a forfeiture.

The penalty prescribed by section 8, chapter 60, Laws 1891, is properly recoverable by a criminal proceeding in the name of the state, which may be brought at any time within the statute of limitations.

INDICTMENT, to recover a forfeiture of fifteen dollars for keeping a dog without a license. The defendant moved to dismiss the indictment for the following reasons:

1. "Because the statute points out a particular mode to recover the forfeiture, viz.: by complaint to a justice of a police court."

2. "Because by force of sections 10 and 11, chapter 257, of the Public Statutes, no indictment can be found in said case within one year after said forfeiture accrues, and the forfeiture in this case has not accrued one year."

3. "Because the defendant has already been subjected to the expense and trouble of a prosecution in the police court of the town of Pembroke for this forfeiture, upon complaint of the officials of the town of Allenstown, and being arraigned upon said complaint and a hearing had, said court, although it had jurisdiction to hear and determine said case, neglected and refused so to do, and instead thereof, unlawfully and without right, ordered the defendant to recognize for his appearance at this court, thereby causing him great expense and delay, and depriving him of his right to have said cause speedily and cheaply determined."

4. "Because the statute upon which this indictment was founded was repealed by chapter 31, Laws 1899."

The court, *pro forma*, denied the motion, and the defendant excepted.

*George M. Fletcher*, solicitor, and *Sargent & Niles*, for the state.

*Almon F. Burbank*, for the defendant.

PARSONS, J.   Chapter 60, Laws 1891, "An act to prevent the destruction of sheep and other damages by dogs," imposes for violation of its various provisions a fine of not less than ten nor more than fifty dollars (*s.* 9); a fine of twenty-five dollars (*s.* 21); and a fine of one hundred dollars (*s.* 22). Section 8, under which this indictment is found, is: "Whoever keeps a dog contrary to the

provisions of this chapter shall forfeit fifteen dollars, five dollars of which shall be paid to the complainant, and ten dollars to the treasurer of the city or town in which the dog is kept." Section 24 is: "All fines and penalties provided in the preceding sections relating to dogs may be recovered on complaint before a police, district, or municipal court, or (trial) justice in the town or county where the offence is committed." When imposed as a punishment for a statutory offence, there is no substantial difference between a fine and a forfeiture. "A fine signifieth a pecuniary punishment for an offence." Co. Lit. 126a. A pecuniary punishment called a forfeiture is equivalent to the same pecuniary punishment called a fine. *Ex parte Alexander*, 39 Mo. App. 109; *Commonwealth* v. *Avery*, 14 Bush 638; *United States* v. *Mann*, 1 Gall. 178; *Maryland* v. *Railroad*, 3 How. 534, 552. A crime or misdemeanor is an act committed in violation of a public law either forbidding or commanding it (4 Bl. Com.* 5), which the state punishes in a criminal proceeding in its own name. 1 Bish. Cr. L., s. 32. "Thus, a sale of intoxicating liquor without license is a criminal offence when a statute prohibits the sale under a penalty recoverable by indictment; but otherwise, when the proceeding is by action of debt, a suit on a penal statute being civil." *Ib; Hitchcock* v. *Munger*, 15 N. H. 97. Whether the proceeding is to be deemed civil or criminal depends upon the form permitted, not upon the question whether the penalty prescribed is denominated a fine or a forfeiture. *State* v. *Pate*, 44 N. C. 244. The terms appear to have been used without discrimination in the statutes. Provisions are to be found for the recovery of a forfeiture by indictment and of a fine by action of debt. *State* v. *Marshall*, 64 N. H. 549; P. S., c. 1, s. 9; *Ib.*, c. 108, s. 18; *Ib.*, c. 111, ss. 2, 6, 12, 14; *Ib.*, c. 126, ss. 22, 23; *Ib.*, c. 127, ss. 13–16, 23, 24; *Ib.*, c. 270, s. 14. While, in the absence of special provision, pecuniary forfeitures are recovered by an action of debt, and fines by information, indictment, or complaint (*State* v. *Marshall*, *supra*), since the question whether a proceeding to enforce a pecuniary punishment is civil or criminal depends upon the nature of the proceeding, and not upon the word used in describing the penalty, the remaining question is as to the character of the proceeding permitted under section 24 of the act — complaint before a police court or justice. "Criminal proceedings before a justice or police court shall be begun by complaint." P. S., c. 248, s. 9. "Fines are imposed by the sentence of a court of criminal jurisdiction, in a prosecution begun by indictment or information, or upon complaint before a justice." P. S., c. 256, s. 1. All the penalties imposed by the act under consideration, with the exception of section 8, are denominated fines. The proceeding to collect such fines is crimi-

nal in form and in fact. *State* v. *Marshall, supra.* The use of the word "forfeit" in section 8 is insufficient to make the language used in section 24 properly descriptive of criminal proceedings, and in the case of all other penalties referred to, interpretable only as criminal, open to the construction that a civil proceeding was intended in the particular case. The legislature intended criminal process for the enforcement of each punishment prescribed. *State* v. *Howard,* 69 N. H. 507, was decided upon the ground that failure to comply with the provisions of chapter 60, Laws 1891, is a crime, and the process to enforce the penalties therein provided is a criminal proceeding. The views therein expressed are affirmed. The act appears to have been taken bodily from the statutes of Massachusetts, without care to make any change to conform to different conditions in this state. We have no district or municipal courts, or trial justices, as those terms are understood in Massachusetts. But the language used must have been understood to mean what it did in the Massachusetts statute — that the penalties prescribed, whether fines or forfeitures, should be recovered by criminal proceedings in the name of the state, before courts of competent jurisdiction. The supreme court has original jurisdiction of all criminal proceedings. P. S., c. 248, s. 1. The concurrent jurisdiction of police courts and justices in minor offences does not oust the supreme court of its jurisdiction. *State* v. *Runnals,* 49 N. H. 498, 502. It is not essential that proceedings under the statute should be commenced by complaint before a justice or police court. *Commonwealth* v. *Haynes,* 107 Mass. 194, 197. The question, however, does not arise in this case, as the prosecution was begun by complaint before the police court. As the proceedings were criminal, the police court had no jurisdiction to impose a sentence of fifteen dollars (*State* v. *Jackson,* 69 N. H. 511), without the consent in writing of the accused. P. S., c. 248, s. 8; Laws 1897, c. 21. The defendant was properly bound over to answer further.

Bastardy proceedings and an indictment against a railroad for the collection of damages for injuries resulting in death, though criminal in form, are civil proceedings because neither is process for punishment. *Marston* v. *Jenness,* 11 N. H. 156 ; *State* v. *Railroad,* 52 N. H. 528. The proceeding to collect a military fine was regarded as civil because of peculiar features attached to it. *Cate* v. *Nutter,* 27 N. H. 515. Sections 10 and 11, chapter 257, of the Public Statutes, do not postpone an indictment upon a penal statute for one year. A public prosecution by indictment or information may be brought at any time within the limitation of the statute if no private prosecution has been commenced. *State* v. *Roberts,* 59 N. H. 484, 485. Chapter 31, Laws 1899, repealed only the provisions of penal statutes giving the whole or any part

of a penalty to a private prosecutor, with a single exception named in the act. It did not repeal section 8, chapter 60, Laws 1891, affixing a penalty to the offence with which the defendant is charged. The substance of the defendant's contention is that the enforcement of the forfeiture prescribed for the offence of which he is charged is a civil proceeding, a moiety of the penalty being given to a private prosecutor, and that since, under section 1, chapter 257, of the Public Statutes, such a penalty or forfeiture may be recovered by an action of debt (a civil proceeding) by any person who will sue therefor, unless otherwise provided, the procedure provided in this case must be regarded as civil. If there were any question as to the soundness of the views already expressed upon the law as it stood before the act (Laws 1899, c. 31) repealing all provisions for the benefit of prosecutors, there can now be no question that an indictment or information for the collection of the forfeiture is the proper and only method of procedure, because since the repeal of these provisions no private person can maintain such a suit. A forfeiture prescribed by statute for an offence created by statute is properly recovered by indictment or information when no person is named to take the penalty (*State* v. *Tappan*, 15 N. H. 91; *Hatch* v. *Robinson*, 26 Vt. 737, 739), and is so recognized by the statute. P. S., c. 257, s. 11. As no person is now entitled to prosecute for the penalty, there is no ground upon which to urge that under the section last cited an indictment must be postponed one year or any time, for the time within which an individual may bring a private prosecution has expired in all cases by force of the repealing statute.

To what extent, if at all, various provisions of the statutes giving to towns, school districts, or other subdivisions of the state penalties in special cases are affected by the repealing statute of 1899, is a question not germane to the present inquiry and is not considered.

*Exception overruled.*

PIKE, J., did not sit: the others concurred.