(50 South. 794.)

No. 17,798.

STATE v. PRICE et al.

(Nov. 15, 1909. Rehearing Denied Dec. 13, 1909.)

1. CRIMINAL LAW (§ 1020*)—APPELLATE JURISDICTION—"FINE ACTUALLY IMPOSED."

Costs follow sentence, but are no part of the "fine actually imposed," within Const. art. 85, limiting the criminal jurisdiction of the Supreme Court where a fine is actually imposed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580; Dec. Dig. § 1020.*]

2. CRIMINAL LAW (§ 1020*)—APPELLATE JURISDICTION — LIMITATION BY AMOUNT OF FINE—"FINE."

The word "fine" in its ordinary acceptation has the distinct meaning of a pecuniary penalty, and has that restricted meaning in Const. art. 85, limiting the jurisdiction of the Supreme Court in cases where a fine is imposed, and hence the forfeiture of the right to conduct a barroom, pursuant to section 7 of the Gay-Shattuck law (Act No. 176, p. 236, of 1908), imposed in addition to the fine prescribed by section 6 for its violation, forms no part of such fine, the amount of which determines jurisdiction of an appeal in a prosecution thereunder.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580; Dec. Dig. § 1020.*

For other definitions, see Words and Phrases, vol. 3, pp. 2810–2813.]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Niell, Judge.

Frank and Fielden Price were convicted and fined for violating the law in relation to the sale of intoxicating liquors, and they appeal. Appeal dismissed.

See, also, ante, p. 670, 50 South. 647.

D. Caffery, Jr., James R. Parkerson, and Emmet Alpha, for appellants. Walter Guion, Atty. Gen., and T. M. Milling, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The state has moved to dismiss the appeal on the ground that this court has no jurisdiction of the case. The jurisdiction of this court in criminal cases is limited to cases where "the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300, or imprisonment exceeding six months, is actually imposed." Const. art. 85. The sentence condemns each of the two defendants to pay a fine of $150 and the costs of court, and adds the following:

"That the defendants Frank and Fielden Price be and they are each permanently deprived hereafter of the privilege of conducting a barroom."

The defendants contend that, under the statute upon which the indictment against them is founded, a firm or corporation conducting a barroom may be prosecuted as well as may an individual carrying on the like business, and that the indictment against them is against their firm and not against them individually; and that, such being the case, the said two fines of $150 imposed upon them as individuals must be reckoned as one fine of $300 imposed upon the firm, and that, since the costs and the penalty of permanent deprivation of the right to engage in the business of keeping a barroom must be considered as included in, or added to, this $300 fine, the case is one where a fine exceeding $300 has been imposed, and of which, in consequence, this court has jurisdiction.

The statute upon which the indictment is founded is Act No. 176, p. 236, of 1908, popularly known as the "Gay-Shattuck Law." It is entitled "An act to regulate and license the business of conducting a barroom, coffee house, cabaret," etc. (naming every possible

place where intoxicating beverages may be kept for the accommodation of the public to be drunk on the premises). Section 6 of the act provides that:

"It shall be unlawful for any person, firm, or corporation, conducting a barroom, coffee house, carbaret," etc. [enumerating the various drinking places] "to sell or permit to be sold or give or permit to be given, any intoxicating liquors to women or minors"; and that "any person violating any of the provisions of this section shall * * * be fined in a sum not less than $50 nor more than $500, or imprisonment," etc.

It is noteworthy that, while this section makes it unlawful for a firm or corporation to violate the act, it makes no provision for the imposition of a penalty upon a firm or corporation, unless a firm or corporation can come under the designation of the term "any person." Section 7 of the act provides that "any person, firm or corporation" violating the act "shall in addition to the punishment prescribed by section 6 of this act be permanently deprived thereafter of the privilege of conducting a barroom, coffee house, cabaret," etc. (naming all the various kinds of drinking places); "and the revocation of said privilege shall be declared by the court having jurisdiction to impose the penalty fixed by section 6 of this act."

The indictment against the two defendants contains three counts, charging three separate offenses. As the three counts are precisely alike in verbiage, saving alone in the name of the offense charged, we need reproduce here only one of them. It reads:

"That Frank Price and Fielden Price, being the proprietors of a place where intoxicating liquors are sold in the parish of St. Mary, state of Louisiana, said business being regularly licensed under the laws of the state of Louisiana, on the second day of April, A. D. nineteen hundred and nine, did unlawfully and willfully give or permit to be given intoxicating liquors, to wit, beer, to a woman, to wit, Mrs. Earnest Frumenthal, on the premises where said intoxicating liquors are sold."

It is not easy to say whether the defendants are right or wrong in their contention that this indictment is against them as a firm and not as individuals. But, granting, argumenti gratia, that they are right, and that the two fines must be cumulated, still, the case would not come within the jurisdiction of this court, since costs and the forfeiture of the right to conduct a barroom forms no part of the fine, though forming part of the penalty. Costs follow sentence; but are no part of the "fine actually imposed." State v. Belle, 92 Iowa, 258, 60 N. W. 525; Appeal of Luzerne County, 135 Pa. 468, 19 Atl. 1063. If costs constituted a part of the fine, the court in every case would have to take them into account in imposing either the minimum or the maximum fine authorized to be imposed. Such has never been the practice or the understanding. In like manner the forfeiture in question is no part of the fine, since the word "fine" in its ordinary acceptation has the distinct meaning of a pecuniary penalty. 19 Cyc. 544; 13 A. & E. E. 53. It has that restricted meaning as here used in the Constitution. Otherwise it would be synonymous with "penalty" or "punishment"; and the situation would be that the jurisdiction of this court, instead of being sharply delimited, as is done by the use of the word "fine" in its ordinary meaning of a pecuniary penalty, would depend upon what was the money value of the penalty. In the case at bar, for instance, the right of the defendants to keep a barroom being of greater value than $300, this court would have jurisdiction even though no fine at all had been imposed. In certain connections the word "fine" has been held to be synonymous with "penalty" (State v. McConnell, 70 N. H. 158, 46 Atl. 458; Hanscomb v. Russell, 77 Mass. 373), but by decisions too numerous to need to be specially referred to it has been confined to its ordinary meaning; and we think it must be so confined in this case. The framers of the Constitution weighed well their words in prescribing the limits of the jurisdiction of this court. It cannot be suppos-

ed that they would have used the restrictive word "fine" if they had meant to express the idea conveyed by the broad word "penalty," or by the still broader word "punishment."

Appeal dismissed.