EVERETT S. PHILLIPS, JR. *vs.* EDWARD A. MCLAUGHLIN *et al.*

JULY 23, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J. This is a petition for certiorari to review the action of the state department of health in denying petitioner's application for a license to conduct a shellfish business (shell stock only) at 520 Thames street in the town of Bristol. We issued the writ and in compliance

therewith all records and papers relating to the application have been duly certified to this court for our inspection.

It appears from such records that petitioner's application was denied without further consideration because he refused to execute the following form of affidavit:

"I, Everett S. Phillips, 10 South Grove Street, Warren, Rhode Island, on oath, depose and say: that in the event a license to conduct a shellfish business (Shellstock only) is granted to me at 520 Thames Street, Bristol, Rhode Island by the Rhode Island State Department of Health, I will have complete and immediate supervision over the conduct of such business and I will be the sole owner of this business and all the equipment used in connection therewith.

I will not enter into any agreement or contract relating to the taking, processing, labeling, storing and/or transporting shellfish with anyone whose license to operate a shellfish business at the said address has been denied by the Rhode Island Department of Health, nor will I buy shellfish from, or sell shellfish to, or rent equipment from or permit to enter my shellfish business premises anyone who has been denied a license to operate a shellfish business by the Rhode Island State Department of Health.

I further aver that I will conduct my shellfish business operations in compliance with the provisions set forth in Chapter 2039, R. I. Public Laws of 1948, as amended, and the Rules and Regulations Relating to the Licensing and Sanitation of Shellfish Businesses adopted in accordance therewith.

It is understood that failure on my part to fulfill the promises entered into here will result in immediate revocation of my shellfish business license.

(Signature)

Subscribed and sworn to before me this          day of          A. D. 1953

Notary Public"

The petitioner contends that the director was without jurisdiction to require such an affidavit as a condition precedent to the issuance of a shellfish license in accordance

with public laws 1948, chapter 2039. He further contends that if the director had jurisdiction he exceeded it by arbitrarily and capriciously requiring an unreasonable affidavit. The respondents, besides controverting those contentions, argue that the director's function under chap. 2039 is purely administrative and therefore his action in denying petitioner's application is not reviewable by certiorari.

It is settled by a long line of decisions of this court that certiorari does not lie to review legislative or administrative proceedings: *Siegl* v. *Town Council,* 75 R. I. 502; *R. I. Home Builders* v. *Hunt,* 74 R. I. 255; *Sisson* v. *Peloquin,* 133 Atl. 621 (R. I.); *Greenough* v. *School Committee,* 27 R. I. 427; *Donahue* v. *Town Council,* 25 R. I. 79. Unless otherwise provided by statute the power delegated to boards and commissions or other similar bodies or public officers to grant or deny licenses to conduct certain trades or businesses subject to the police power is administrative, and the granting or denial of such licenses is discretionary. This court has no control over the lawful exercise of that power. However, where a question of the board's jurisdiction is raised we will intervene by certiorari solely to determine such question. *Dexter* v. *Town Council,* 17 R. I. 222; *Lonsdale Co.* v. *Board of License Comm'rs,* 18 R. I. 5; *Coggeshall* v. *Harbor Comm'n,* 50 R. I. 175; *Aldee Corp.* v. *Flynn,* 72 R. I. 199.

In the case at bar the director of public health unquestionably exercises a purely administrative function in passing upon applications for shellfish licenses, provided he acts in accordance with the provisions of chap. 2039 and the rules and regulations made pursuant thereto. But nowhere in that chapter do we find any provision requiring an applicant to execute an affidavit as a condition precedent to having his application considered. Nor do we find in the regulations which the director has promulgated pursuant to the authority expressly conferred upon him by chap. 2039

any general requirement for such an affidavit. Apparently for reasons which he appears to think are peculiarly applicable to petitioner he has imposed a requirement not provided either by the law or the regulations thereunder. We are of the opinion that in thus imposing upon petitioner a special requirement not imposed generally upon other applicants for a license he exceeded the authority conferred upon him by law.

We think it is the director's duty to pass upon the instant application as he does on all other applications without regard to the applicant's refusal to execute an affidavit. But nothing that we have said here is to be construed as requiring him to grant such application. So long as he does not impose upon the applicant any special requirement the refusal to comply with which would preclude consideration of his application, the director may exercise his discretion to grant or deny such application based on facts within his knowledge. The exercise of such discretion would be beyond our control. *Dexter* v. *Town Council, supra.*

For the above reason, while petitioner is entitled to have the record of the director quashed because he exceeded his authority in requiring the execution of the affidavit as a condition precedent to the consideration of petitioner's application, we cannot order the director to grant the application, as petitioner urges us to do. Moreover the granting of such relief, even if petitioner was entitled thereto, is not the traditional office of certiorari at common law. See *Aldee Corp.* v. *Flynn, supra.*

The petition for certiorari is granted, the record of the denial of petitioner's application is quashed, and the records and papers certified to this court are ordered sent back to the director of the state department of health with our decision endorsed thereon.

*Leo Patrick McGowan, Anthony A. Giannini,* for petitioner.

*James E. Brothers,* for respondents.