485 P.2d 287

**ARIZONA STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS et al., Appellants,**

v.

**Raymond PERLMAN, Appellee.**

**No. 1 CA–CIV 1477.**

Court of Appeals of Arizona, Division 1, Department A.

May 25, 1971.

Rehearing Denied June 22, 1971.

Review Granted July 13, 1971.

which held that under the provisions of A. R.S. § 32–1330 the appellee was entitled to the issuance by appellant of a certificate of qualification as a funeral director.

Appellee Raymond Perlman (herein referred to as plaintiff) filed an application with appellant Arizona State Board of Funeral Directors and Embalmers (herein referred to as the Board) to be licensed as a funeral director. After a hearing on the matter the Board denied plaintiff's application. Plaintiff then petitioned the Superior Court under the Administrative Review Act to review the administrative decision of the Board. The trial court reversed the decision of the Board, granted a partial summary judgment for plaintiff, and ruled that plaintiff met the requirements set forth in Arizona to qualify as a funeral director. The appeal is from this judgment.

We shall briefly set forth the pertinent facts. Plaintiff moved to Arizona in February 1969 from Massachusetts where he was a duly licensed practicing embalmer and funeral director. On April 13, 1969, plaintiff applied for an Arizona funeral directors' and embalmers' license, urging reciprocity under Arizona law. The Board denied the certificates of qualification by reciprocity and on review under the Administrative Review Act the Superior Court upheld the Board's decision. The Board's decision was based on the fact that the licensing requirements of Massachusetts were determined not equal to those of Arizona, and because Massachusetts does not extend similar reciprocal privileges to persons practicing in Arizona. This decision is not subject to review as plaintiff did not appeal.

On January 23, 1970, plaintiff filed an application for a certificate of qualification as an Arizona funeral director. The statute which governs this application, A.R.S. § 32–1330, requires that:

"A. An applicant for a certificate of qualification as a funeral director shall set forth in his application that he is twenty-one years of age or over, a resi-

Gary K. Nelson, Atty. Gen., Stirley Newell Cantor, Asst. Atty. Gen., Phoenix, for appellants.

Wolfe, Rosen & Harris, P. A., by Sidney B. Wolfe, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from a judgment of the Superior Court of Maricopa County

dent of this state and of good moral character. The application shall also show that the applicant:

1. Is a graduate of a standard four-year high school course.

2. Has been, for not less than one year previous to the filing of his application, a qualified practicing embalmer associated with a qualified practicing funeral director.

"B. The applicant shall declare in the application that the establishment in which he plans to conduct the business of funeral director is or will be constructed, equipped and maintained in accordance with the provisions of this chapter and the rules and regulations of the board.

"C. The application shall be endorsed by two reputable persons familiar with the applicant vouching for his reputation, character and professional attitude. The application shall be executed under oath by the applicant and shall be accompanied by the funeral director examination fee of twenty-five dollars."

The plaintiff's qualifications for an Arizona funeral director's certificate were as follows: He was a graduate of a four-year high school and from the New England Institute of Anatomy at Boston, Massachusetts, a two-year accredited college of mortuary science. He had been a licensed practicing embalmer and funeral director in Massachusetts since 1965 where he was associated with the Perlman Funeral Home, Worcester, Massachusetts, which is owned by plaintiff's father who has been a licensed practicing embalmer and funeral director in Massachusetts for the past 30 years.

In filling out the application for certification as an Arizona funeral director, plaintiff crossed out two printed portions of the application which stated that the applicant has "for not less than one year previous to the filing of this application been a practicing embalmer licensed under the State of Arizona", and that the applicant

has "for not less than one year previous to the filing of this application been associated with and [I] have had training under a practicing funeral director licensed under the laws of Arizona."

On March 25, 1970, the Board conducted a hearing and found that plaintiff had never practiced under an Arizona licensed funeral director or held a certificate of qualification as an embalmer in Arizona. The Board denied plaintiff's application as a funeral director on these grounds, stating that plaintiff had not met the requirements of A.R.S. § 32–1330, subsec. A.

Plaintiff appealed this denial under the Administrative Review Act, A.R.S. § 12–901 et seq., contending that the word "qualified" as used in A.R.S. § 32–1330, subsec. A, par. 2 which states, " * * * a qualified practicing embalmer associated with a qualified practicing funeral director" could not be construed to mean only those embalmers and funeral directors licensed to practice in Arizona. The trial court reversed the decision of the Board, ruling that plaintiff met the requirements of A.R.S. § 32–1330 by plaintiff's work for his father in Massachusetts, and that the rules and regulations of the Board equating "qualified" with "licensed" in Arizona, in the context of the entire Act, were in excess of the statutory requirements and void.

The issue on appeal is whether the Board's interpretation of A.R.S. § 32–1330, subsec. A, par. 2 is reasonable and correct.

It is uncontroverted that plaintiff has met all the funeral director qualification requirements of A.R.S. § 32–1330, with the exception of subsection A, par. 2. This subsection states that, along with the other qualifications, it is necessary that an applicant:

"Has been, for not less than one year previous to the filing of his application, a *qualified* practicing embalmer associated with a *qualified* practicing funeral director." (emphasis supplied)

We have reviewed the entire chapter dealing with embalmers and funeral directors, A.R.S. § 32–1301 et seq., and statutes in *pari materia,* relating to the same subject matter, in an attempt to determine the meaning of the word "qualified" as used in the statute in question. See Frazier v. Terrill, 65 Ariz. 131, 175 P.2d 438 (1946) and Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 77 P.2d 818 (1938). Both the plaintiff and the Board have cited sections throughout this chapter which they respectively state are dispositive of the meaning of "qualified" as intended by the Legislature. Our analysis of the situation, however, leads us to the view that the meaning of "qualified" in subsection (A) (2), supra, is ambiguous as to whether it is restricted to being qualified under Arizona law only.

In an attempt to clarify this ambiguity we have reviewed the case of McKinley v. Reilly, 96 Ariz. 176, 393 P.2d 268 (1964), decided by the Arizona Supreme Court, which dealt with the statute in question. In that case, however, the plaintiff did not argue that he was a qualified embalmer, but attacked the statute on other grounds. Nowhere in that case is it specifically stated that the word "qualified" means licensed to practice in Arizona.

The McKinley case does, however, provide a reasonable basis for the Legislature's requiring an Arizona funeral director to be a qualified practicing embalmer with one year's experience in that capacity. From this explanation we also believe the Supreme Court in this case gave meaning to the word "qualified". The court said:

"This ultimate responsibility of the funeral director demands that he determine whether the embalmer has performed his work properly. It is therefore reasonable that the funeral director be required to have the knowledge, qualifications and training of an embalmer. Accordingly, we are of the opinion that there is a reasonable basis which justifies the legislature in requiring that a funeral director have not less than one year's experience

as a qualified practicing embalmer associated with a qualified practicing funeral director.

\* \* \* \* \* \*

"We think that the statute A.R.S. § 32–1330 is designed to compel the funeral director to be more concerned with the proper preparation of the human body for disposal and less concerned with the amenities of the funeral service. In Cleere v. Bullock, 146 Colo. 284, 361 P. 2d 616, the court stated:

"'It would appear that the only justification for requiring that a funeral director have all the qualifications of the embalmer is that he will be technically qualified to supervise the work of the embalmer. However, it is not shown that such supervision is appropriate or necessary.' 146 Colo. 291, 361 P.2d 619.

"In this we disagree with the Colorado court, being of the opinion that the legislature could believe that such supervision is appropriate and necessary.

"We recognize that all may not agree that supervision and responsibility for the embalmer's acts are necessary for the proper discharge of a funeral director's duties. However, we are of the opinion that the principles of law applicable here compel us to hold the statute constitutional. \* \* \*" 96 Ariz. at 182, 393 P.2d at 272

The court also stated:

"A funeral director, as the manager of more than a one-man operation, has of course the power to hire and fire employees including licensed embalmers and with it the right and necessarily the duty to direct that their activities conform to the standards customarily required in the profession. The Rules and Regulations of the Arizona State Board of Funeral Directors and Embalmers recognize this responsibility. By Article 7, Section O, of these rules, funeral establishments must be kept and maintained in a clean and sanitary condition and all embalming tables, receptacles, instruments and other

appliances must be thoroughly cleaned and disinfected immediately at the conclusion of each individual case. Other specific directions for sanitation are set forth in detail in Section O. While the obligation is imposed upon both funeral directors and embalmers, it is the management which has the ultimate responsibility." 96 Ariz. at 181, 393 P.2d at 272

We are in concert with this preceding reasoning. We believe that the Arizona Legislature had a valid reason for requiring Arizona funeral directors to be qualified embalmers, and that because of this the Legislature sought to establish safeguards in an attempt to require funeral directors to have a proficient knowledge concerning all parts of their profession—in other words, to be qualified embalmers, as well as funeral directors.

The question then is what are the requirements to be a qualified embalmer. As stated in McKinley, supra, these requirements are as follows:

"By A.R.S. § 32–1301, an embalmer is a person engaged in the art of disinfecting or preserving dead human bodies and preparing them for transportation. He is required, by A.R.S. § 32–1322, to be a graduate of a standard four-year high school course or its equivalent, be a graduate of a regular course of instruction in a college of embalming approved by the State Board of Funeral Directors and Embalmers, have two years practical training and instruction under a qualified practicing embalmer and have embalmed not less than fifty human bodies in the course thereof. The preparation for burial of the human remains involves proficiency in the fields of anatomy, chemistry, and bacteriology and the like." 96 Ariz. at 180, 393 P.2d at 271

In the present case the plaintiff has met these qualifications. He is a resident of Arizona, graduated from a four-year high school, graduated from a two-year school of mortuary science, practiced for four years in Massachusetts as an embalmer and funeral director, and has embalmed more than 50 bodies.

The Board's contention, which deems "qualified" synonymous with "licensed" is, in our opinion, unreasonable. If we were to hold, as the Board contends we must, that plaintiff is not a qualified practicing embalmer and does not meet the qualifications of A.R.S. § 32–1330 to be an Arizona funeral director, plaintiff will be forced to begin his training all over again, starting anew as an apprentice embalmer. A.R.S. § 32–1322 states that before an applicant can become an embalmer he must complete two years' practical training and instruction as an apprentice embalmer, working under a qualified embalmer. Then after plaintiff completed this two-year apprenticeship he would be eligible for examination to be a qualified embalmer. If the Board's contention were accepted, plaintiff, as specified in A.R.S. § 32–1330, subsec. A, par. 2, after practicing for one year as an Arizona embalmer, would qualify to become an Arizona funeral director. To summarize the Board's position, plaintiff, who is both a licensed Massachusetts practicing embalmer and funeral director and now an Arizona resident, must before becoming an Arizona funeral director, endure two years as an apprentice embalmer working under an Arizona licensed embalmer, and then wait one year to become an Arizona funeral director. We believe this position unreasonable.

■ Thus, in our opinion, the only reasonable interpretation of the statute in question is that A.R.S. § 32–1330 is not restricted to only those embalmers licensed to practice in Arizona. The Legislature was concerned with the burial of the dead, proper burial being important to this state not only spiritually, but medically, for the safety, health and welfare of this state's residents. Therefore, in our opinion, the end sought to be attained by the statute in question is to require funeral directors to have certain requisite skill, knowledge and training in all areas of mortuary science. We believe, as we think the Legislature

did, that this experience can be adequately acquired outside the State of Arizona. In fact, since we have no colleges of mortuary science in Arizona and rely on institutions located in other states to educate Arizona's embalmers and funeral directors, it is only reasonable that persons who wish to be licensed in Arizona as funeral directors may also attain their experience working with qualified funeral directors in other states.

We find that the plaintiff has met the qualifications of A.R.S. § 32–1330 with one possible exception. From the record it is not shown whether the college of mortuary science attended by the plaintiff, the New England Institute of Anatomy, is one of the schools approved by the Board. However, since the Board does not argue this point we have assumed that the New England Institute of Anatomy meets the Board's approval.

We find no error in the judgment of the trial court.

Affirmed.

STEVENS, P. J., and CASE, J., concur.