492 P.2d 694

**ARIZONA STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS et al., Appellants,**

v.

**Raymond PERLMAN, Appellee.**

**No. 10568–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 6, 1972.

Gary K. Nelson, Atty. Gen., by Stirley Newell Cantor, Asst. Atty. Gen., Phoenix, for appellants.

Wolfe Rosen & Harris, P. A. by Sidney B. Wolfe, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action was originally brought in the Superior Court by Raymond Perlman, pursuant to the Administrative Review Act, A.R.S. § 12–901, et seq., to review the action

**34**

of the Arizona State Board of Funeral Directors and Embalmers in denying his application for a certificate of qualification as a funeral director. The Superior Court of Maricopa County reversed the decision of the State Board and directed that Perlman be issued a certificate. The Court of Appeals affirmed, 14 Ariz.App. 564, 485 P.2d 287. We accepted review. Opinion of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

Arizona, by statute, has established a detailed system for the licensing of persons engaging in embalming and funeral directing. An apprentice embalmer, within 30 days after beginning a course of instruction and training under a qualified practicing embalmer, shall make an application for a certificate of registration with the State Board, A.R.S. § 32–1326. When the apprentice embalmer applies for a certificate of qualification to practice embalming, he shall show that he has had two years' practical training and instruction as an apprentice under a qualified practicing embalmer, that he is a graduate of a standard four-year high school course, a graduate of a regular course of instruction in a college of embalming approved by the State Board, has embalmed no less than 50 human bodies, A.R.S. § 32–1322. He must *further take and pass a written examination on anatomy, embalming, and subjects taught by a recognized school of embalming* and an oral examination which shall be of a demonstrative nature, conducted upon a cadaver, A.R.S. § 32–1323. If thereafter an embalmer seeks a certificate of qualification as a funeral director, he must show that he has been for not less than one year a qualified practicing embalmer associated with a qualified practicing funeral director, A.R.S. § 32–1330.

Under the literal language of Arizona's enactments, Perlman has met all of the statutory requirements to entitle him to a certificate of qualification as a funeral director. He was at the time of his application for a certificate of qualification of a suitable age; of good moral character; a graduate of a standard four-year high

school and a graduate of a college of mortuary sciences, the Institute of Anatomy at Boston, Massachusetts, accredited through the National Conference. He had two years of practical training and instruction as an embalmer under a qualified practicing embalmer in the State of Massachusetts, embalming as a minimum several hundred bodies, and he had been, for more than one year before filing an application for a certificate, a licensed embalmer in Massachusetts, associated with a practicing funeral director in Massachusetts.

By A.R.S. § 32–1305, the State Board is directed to adopt rules and regulations *"for the practice of funeral directing and embalming."* The State Board has adopted rules and regulations presumably pursuant thereto. Article III, § 2, A.R.S., thereof sets forth the requirement that applicants for funeral director certificates must be full-time practicing embalmers licensed *in Arizona* for one year, associated with a funeral director licensed *under the laws of Arizona*. In addition, although the statute does not, by Article III, §§ 4 and 8, the State Board requires an examination for licensing as a funeral director.

■ Perlman cannot be denied a certificate of qualification to practice as a funeral director in Arizona because of the additional requirements prescribed in the rules and regulations of the State Board. Plainly, the statute, A.R.S. § 32–1305, supra, limits the Board to the adoption of rules and regulations only for the practice of funeral directing and embalming. It does not purport to authorize the State Board to prescribe additional qualifications for certification either as an embalmer or as a funeral director.

The regulations, 2, 4 and 8 of the State Board are clearly beyond the pale of the State Board's rule-making power, Killingsworth v. West Way Motors, Inc., 87 Ariz. 74, 347 P.2d 1098. *And see* Lewis v. State Board of Health (Fla.), 143 So.2d 867; McKibben v. Mich. Corp. & Sec. Comm'n, 369 Mich. 69, 119 N.W.2d 557; Swalbach v. State Liquor Authority, 7 N.Y.2d 518,

200 N.Y.S.2d 1, 166 N.E.2d 811; Bureau of Old Age Assistance v. Comm. of Pub. Welfare, 326 Mass. 121, 93 N.E.2d 267; Lettieri v. State Board of Medical Examiners, 24 N.J. 199, 131 A.2d 518; Phillips v. McLaughlin, 82 R.I. 224, 107 A.2d 301.

The statute, A.R.S. § 32–1330, does not require that an applicant for a certificate of qualification as a funeral director be a full-time practicing embalmer in Arizona, associated with a practicing funeral director certificated under the laws of Arizona. The experience required is that of a qualified practicing embalmer associated with a qualified practicing funeral director. Nor does the statute provide that an applicant must take and pass an examination before being issued a certificate of qualification as a funeral director. The State Board of Funeral Directors had no jurisdiction to impose special requirements for applicants by rule or regulation which were not imposed by statute.

■ Nevertheless, appellants urge that the Legislature did indirectly what it could have done, but did not do directly. They argue through construction of Arizona's enactments that an applicant for a certificate of qualification as a funeral director must be a full-time practicing embalmer *in Arizona* for one year, associated with a qualified practicing funeral director *in Arizona*. Appellants predicate their conclusions on A.R.S. § 32–1330, which in part requires that an applicant for a certificate of qualification as a funeral director shall set forth in his application that he "has been, for not less than one year previous to the filing of his application, a *qualified* practicing embalmer associated with a *qualified* practicing funeral director." It is argued that the word "qualified" means the holder of a certificate of qualification—that is, one who is licensed by the State of Arizona as an embalmer and funeral director.

We reject, however, the appellants' attempt to lift themselves by their bootstraps.

If we assume that the word "qualified" in the clause "qualified practicing embalmer associated with a qualified practicing funeral director" means "licensed," so that the clause can be read as "licensed practicing embalmer associated with a licensed practicing funeral director," it would not necessarily follow that the Legislature intended that the licensed practicing embalmer and licensed practicing funeral director be licensed only in Arizona.

But we do not rest this case on suppositions. The word "qualified" is defined by Webster's Third International Dictionary as "b; having complied with the specific requirements or precedent conditions." Hence, the word "qualified" as used in the clause under consideration does not have the significance of "licensed," but means simply that the qualifications of the embalmer and funeral director meet the specific requirements of the Arizona statutes.

The record indicates that in Massachusetts a funeral director need not be an embalmer. But there is nothing to show that the funeral director with whom Perlman was associated did not, in fact, have the qualifications of a certificated Arizona funeral director. The funeral director with whom Perlman was associated in Massachusetts may have had the same or higher qualifications than those required in Arizona.

■ In the end, we think, if those in Perlman's position as citizens of the United States are to be denied the right to engage in their chosen occupations, the Legislature should spell it out specifically rather than exclude them through doubtful interpretation. Else, an otherwise qualified individual will be compelled to spend three years, two as an apprentice embalmer and one as an embalmer, before being certificated in Arizona to practice his livelihood.

Judgment of the Superior Court affirmed.

HAYS, C. J., UDALL, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.